Anthony James MANN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–90–0866.

Court of Criminal Appeals of Oklahoma.

July 15, 1993.

## ORDER AFFIRMING DISTRICT COURT DENIAL OF POST-CONVICTION RELIEF

Anthony James Mann was tried by jury and convicted of the first degree murder of his ex brother-in-law, Charlie Keene, in Grady County District Court, Case No. CRF–83–45. He was sentenced to death. This Court affirmed judgment and sentence. *Mann v. State*, 749 P.2d 1151 (Okl. Cr.1988) cert. denied, 488 U.S. 877, 109 S.Ct. 193, 102 L.Ed.2d 163 (1988). Petitioner filed an Application for Post–Conviction Relief in Grady County District Court which held an evidentiary hearing on the matter and denied the application. Peti-

tioner is now before us on appeal from this denial.

In the interest of finality of judgment we first address a collateral issue vigorously asserted by the petitioner. This is that the denial of confidential contact communication between petitioner and counsel has prejudiced the petitioner in the instant appeal by rendering his brief, "of necessity incomplete". We expressly rejected this argument in *Mann v. State* (Okl.Cr.1993) (64 OBJ 85, January 16, 1993), and we reject it here.

In separate trials four men were tried, convicted, and sentenced to death for the murder of Charlie Keene. Petitioner alone remains on death row. William Wayne Thompson was resentenced to life imprisonment following remand by the United States Supreme Court. See *Thompson v. State*, 724 P.2d 780 (Okl.Cr.1986), rev'd, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988) (Eighth and Fourteenth Amendments prohibit execution of defendant convicted of first-degree murder for offense committed when defendant was 15 years old); resentenced, 762 P.2d 958 (Okl.Cr. 1988). Richard Jones was acquitted on retrial following reversal by this Court. See *Jones v. State*, 738 P.2d 525 (Okl.Cr.1987). Bobby Joe Glass was killed on death row.

We affirm the district court denial of petitioner's application for post-conviction relief.

Adjudication of this appeal is governed by the Post–Conviction Procedure Act, 22 O.S.1981, § 1080, *et seq.* Appeal from denial of a Motion for Post–Conviction Relief is not an opportunity to raise novel issues, resubmit issues already determined in the original appeal, or to raise issues which could have been raised on direct appeal, but were not. Of the thirty-one (31) issues raised in this appeal, all but two (2) are either barred by the doctrine of *res judicata* for they were raised on direct appeal, or waived for they were not. *See Rojem v. State*, 829 P.2d 683 (Okl.Cr.1992); *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); *Smith v. State*, 546 P.2d 1351 (Okl.Cr. 1976), 22 O.S.1981, § 1086.

One issue, that the Court failed to address an issue raised on direct appeal, is waived for failure to urge it within twenty days of judgment in a Motion for Rehearing. The viable issue which will be addressed on the merits is ineffective assistance of appellate counsel.

■ The charge of ineffectiveness is key to this appeal. If we find ineffective assistance of appellate counsel, the doctrines of waiver and *res judicata* do not bar our consideration of the propositions raised in the application for post-conviction relief. *Banks v. State,* 810 P.2d 1286 (Okl.Cr. 1991).

■ An accused person is guaranteed assistance of counsel by both the state and federal constitutions. *See* Okla. Const. art. II, §§ 7 and 20; U.S. Const. amends 6 and 14. This assistance must be reasonably effective to satisfy the constitutional guarantee. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *Cartwright v. State,* 708 P.2d 592, 594 (Okl.Cr.1985) (*Strickland* standard applied to appellate counsel); *Banks v. State,* 810 P.2d at 1290 (*Strickland* standard expressly adopted under state constitution).

■ An appellate brief is constitutionally sufficient if it raises the relevant issues for the court to consider and address. *Banks,* Id. In the original appeal counsel vigorously raised relevant, well-reasoned issues. We find no evidence of ineffectiveness in the issues raised. *See Tibbetts v. State,* 778 P.2d 925 (Okl.Cr.1989); *Guy v. State,* 778 P.2d 470 (Okl.Cr.1989).

■ Counsel did not raise every conceivable issue. This is not, as post-conviction counsel argues, evidence of ineffectiveness. We made this point in *Cartwright,* 708 P.2d at 594 by quoting Chief Justice Burger who, writing for the majority in *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), quoted Justice Jackson:

Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one ... [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one. (citation omitted).

■ While all issues which are not frivolous need not be raised in an effective appellate brief, failure to raise an issue warranting reversal, modification of sentence, or remand for resentencing may well prove counsel was ineffective. So too, could inartful argument which is found to be persuasive when it is reasserted. We have reviewed each of the issues raised herein which were or could have been raised on direct appeal, and find none of them warrant reversal, modification, or resentencing. Consequently we find no evidence of ineffective assistance of appellate counsel. These issues will not be considered on the merits as they are barred by *res judicata* or waived.

■ Petitioner correctly asserts this Court overlooked one of his propositions of error in the original appeal: that the accumulation of error raised in the original appeal warrants reversal. This issue was raised in the context of another proposition of error, and was not presented in the usual format as a separately numbered proposition of error. When Petitioner did not raise this issue via a Motion for Rehearing within twenty (20) days of the original opinion, the mandate was issued and the judgment became final. Court of Criminal Appeals Rule 3.14, 22 O.S.Supp.1990, Ch. 18, App. This issue is waived. However, because denial of the issue on procedural grounds raises the specter of fundamental unfairness, for this is the very issue which required reversal in *Jones,* 738 P.2d at 531, we will make further comment.

The apparent force of comparison between the *Mann* and *Jones* cases diminishes upon analysis of the facts. First, co-defendants Mann and Jones were tried separately. The only error common to both trials was the introduction of two grue-

some pictures of the victim. Beyond this commonality, the cases contrast sharply.

Three errors combined in *Jones* to cause reversal: (1) introduction of the two gruesome photographs of the decomposing body of the victim; (2) admission of hearsay statements implicating Jones made by co-defendants to friends and relatives in the hours following the murder; the admission of which denied Jones his constitutional right of confrontation; and (3) prosecutorial misconduct consisting of (a) repeated requests for sympathy for the victim during voir dire, (b) introduction of irrelevant and prejudicial evidence during examination of the victim's wife, (c) usurping of the jury's duty to decide the case based on the evidence by telling it in effect to disregard the court's instructions as to manslaughter and convict the defendant of murder or "let him go home", and (d) improper attack on the credibility of defense counsel. 738 P.2d at 530–31.

In weighing the effect of this accumulated error, the Court noted "appellant's actual involvement in the murder was disputed by competent evidence" 738 P.2d at 531; this evidence being Jones was passed out drunk at the time of the murder.

▮▮▮ Two errors were found in Mann's trial. Only one is identical to error in *Jones:* the same photographs of the body of the victim were improperly admitted. See *Mann*, 749 P.2d at 1156. Admission of this evidence was harmless error given the strength of the evidence against Mann. Id.

The second error identified in *Mann* is prosecutorial misconduct: (a) a description of Mann as a "corpse robber", (b) a brief remark on the jury's role in law enforcement, and (c) a comment that Thompson's testimony in a prior trial was consistent with his testimony in this case. 749 P.2d at 1159. Examination of both cases makes clear that the prosecutorial misconduct present in *Jones* is different from that found in *Mann*. Again, given the strength of the evidence against Mann, the Court found the error to be harmless. Id.

We reject petitioner's contention that these harmless errors combined to deny him his constitutional right to a fundamentally fair trial. *See* U.S. Const. amend. 5, Okla. Const. art. 2, sec. 7. Fundamental fairness is that which is essential to the very concept of justice. *Lisenbay v. California*, 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941). In defining fundamental fairness we look to those rights secured by constitution and statute, including the right to jury trial in which the jury's decision is not infected by passion or prejudice.

Comparing the trial errors in each of these cases, we find the errors in *Mann* to be significantly less prejudicial than those in *Jones*. Furthermore, the evidence in *Mann* is significantly stronger than that in *Jones*. While not disregarding the errors found in petitioner's case, when we consider them in light of the first and second stage evidence, we conclude beyond a reasonable doubt that the errors are harmless both individually and in combination for they do not in any way undermine our confidence in the jury's determination of both guilt and sentence. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The District Court Order Denying Post Conviction relief is **AFFIRMED.** The Petitioner has now exhausted his State remedies.

**IT IS SO ORDERED.**

/s/Gary L. Lumpkin  
GARY L. LUMPKIN,  
Presiding Judge

/s/Charles A. Johnson  
CHARLES A. JOHNSON,  
Vice–Presiding Judge

/s/James F. Lane  
JAMES F. LANE,  
Judge

CHAPEL, J., concurs in result.