**Mark Andrew FOWLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–95–206.**

Court of Criminal Appeals of Oklahoma.

May 23, 1995.

(1964).

James T. Rowan, Asst. Public Defender, Oklahoma City, for defendant at trial.

William R. Foster, Jr., Asst. Appellate Indigent Defender, Capital Post–Conviction, Norman, for petitioner on appeal.

Robert Macy, Dist. Atty., Patrick Morgan, and Steve Huddleston, Asst. Dist. Attys., Oklahoma City, for the State at trial.

W.A. Drew Edmondson, Atty. Gen. of Oklahoma and A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for respondent on appeal.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge.

Mark Andrew Fowler appeals from an order of the District Court of Oklahoma County denying his Application for Post–Conviction Relief in Case No. CRF–85–3343. Fowler was convicted by jury on May 16, 1986, of three counts of Murder in the First Degree while in the commission of Robbery With a Dangerous Weapon, felony-murder, 21 O.S. 1981, § 701.7(B), and sentenced to death on each count. This Court affirmed Fowler's Judgment and Sentences on August 30, 1989.[1] Fowler's motion for rehearing was denied on October 2, 1989. On April 28, 1994, this Court affirmed the District Court's 1993 order denying Fowler's first Application for Post–Conviction Relief, and separately denied Proposition II of that Application.[2] Fowler is now before us on appeal from the denial of his second Application for Post–Conviction Relief.

The Post–Conviction Procedure Act[3] outlines procedures for a defendant to challenge the conviction and sentence after the resolution of a direct appeal. All grounds for relief must be raised in the original, supplemental or amended application unless a petitioner shows sufficient reason why a ground for relief was not previously asserted or that a ground for relief was inadequately raised in the prior application.[4]

1. *Fowler v. State*, 779 P.2d 580 (Okl.Cr.1989), cert. denied, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 775 (1990).

2. *Fowler v. State*, 873 P.2d 1053 (Okl.Cr.1994), cert. denied, — U.S. —, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

3. 22 O.S.1991, §§ 1080–1089.

4. 22 O.S.1991, § 1086. "Sufficient reason" includes a subsequent change in the law, and "inadequately raised" includes cases where waiver was occasioned solely by counsel's procedural error. *Jones v. State*, 704 P.2d 1138, 1140 (Okl. Cr.1985).

The Post–Conviction Procedure Act is not intended to provide a second appeal.[5] This Court will not consider an issue which was raised on direct appeal and is therefore barred by res judicata, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.[6] We will not address Fowler's propositions which are barred by waiver or res judicata.[7]

██ Fowler alleges ineffective assistance of appellate counsel in Propositions I and VI, and we will consider these propositions together. This claim is properly before us because Fowler's counsel for his first application for post-conviction review was also his appellate counsel. This Court will not require counsel on post-conviction to raise an ineffective assistance claim against himself.[8] If we find ineffective assistance of appellate counsel, the procedural bars of res judicata and waiver will not apply to the issues raised in the claim of ineffective assistance.[9]

██ To prevail on a claim of ineffective assistance of counsel Fowler must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) the reasonable probability that, but for counsel's errors, the results of the proceedings would have been different.[10] Appellate counsel is required to raise relevant issues for this Court to consider and address, but need not raise every non-frivolous issue.[11]

██ Fowler alleges nine specific instances of ineffective appellate counsel, and discusses five areas at length. Of the nine, six were not raised on direct appeal, while issues similar to the remaining three were raised. Fowler first argues that any issues raised on direct appeal were "inartfully" presented. This Court has held that "inartful" argument may prove counsel was ineffective

---

5. *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr.1994); *Banks v. State*, 810 P.2d 1286 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1036, 112 S.Ct. 883, 116 L.Ed.2d 787 (1991).

6. *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Nguyen v. State*, 844 P.2d 176 (Okl.Cr.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993); *Johnson v. State*, 823 P.2d 370, 373 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

7. Proposition of error barred by res judicata: II. The ineffective assistance of trial counsel deprived Mr. Fowler of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution and corollary provisions of the Oklahoma Constitution. [Insofar as Fowler's particular arguments were not raised on direct appeal, they are waived. Although the district court determined these issues were barred by res judicata, we consider the allegations as they affect Fowler's claim of ineffective assistance of appellate counsel in failing to raise ineffective assistance of trial counsel. See Propositions I and VI infra. *Cf. Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994) (federal court will consider ineffective assistance claim despite state procedural bar of waiver).]
Propositions of error barred by waiver include: IV. Oklahoma's capital sentencing scheme does not meet constitutional standards because it does not narrow the class of persons eligible for the death sentence, and allows the sentencer to impose death on anyone found guilty of murder in the first degree. This procedure violates the Eighth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution;
V. Other developments in criminal jurisprudence and scientific analysis of the effects of the death penalty establish that the death penalty, in general and as applied to Mr. Fowler, is cruel and unusual in violation of the Eighth and Fourteenth Amendments to the United States Constitution and similar provisions of the Oklahoma Constitution. [Fowler refers to *Callins v. Collins*, 510 U.S. ——, 114 S.Ct. 1127, 127 L.Ed.2d 435 (1994), but neither Justice Blackmun's dissent nor Justice Scalia's separate opinion constitute an intervening change in the law.]

8. *Webb v. State*, 835 P.2d 115, 117 (Okl.Cr.1992) (in second application for post-conviction review, claim of ineffective assistance of appellate counsel failed where petitioner had separate counsel on direct appeal and first application for post-conviction review).

9. *Castro v. State*, 880 P.2d 387, 388 (Okl.Cr. 1994); *Mann*, 856 P.2d at 994; *Nguyen*, 844 P.2d at 180.

10. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Castro*, 880 P.2d at 388; *Fox*, 880 P.2d at 386; *Mann*, 856 P.2d at 994.

11. *Castro*, 880 P.2d at 389; *Mann*, 856 P.2d at 994; *Nguyen*, 844 P.2d at 178–179; *Banks*, 810 P.2d at 1290.

where the argument is found to be persuasive when reasserted.[12] This should not be taken to mean that a petitioner may continue to reassert claims which have been raised and decided in hopes that further argument alone may change the outcome in different proceedings. This Court has said:

> The petitioner does not claim the issues raised on direct appeal ... were not fully considered by the Court. He simply argues that they could have been more effectively presented. We find that the briefs submitted on direct appeal ... were supported with relevant authority, and therefore were sufficient to raise the issues for our consideration.[13]

Each issue presented on direct appeal was supported by relevant authority and thus properly presented to the Court.[14] Only one issue has not been waived (see Proposition III) but, as the intervening change in the law occurred after Fowler's first post-conviction appeal was at issue, counsel can hardly be ineffective for failing to raise it.

■ We have carefully considered each of the issues raised under the rubric of ineffective assistance.[15] Without addressing each on the merits, we find that none of them meet both requirements under *Strickland*. The record does not support Fowler's claim that the State knowingly used misleading evidence. Fowler may neither like nor agree with expert testimony about blood spatter and Luminal presumptive blood testing, but the evidence, which was subject to thorough cross-examination, was not misleading. Although Fowler's trial attorney filed an affidavit averring that he had no strategic reason for his choice of witnesses in second stage, the record shows counsel clearly made the tactical decision not to present a large number of witnesses, but to "show you six witnesses this morning who know Mark the best." These witnesses included a psychologist who testified as to her own observations and those of a doctor who had examined Fowler several years earlier. In summary, the complete record reveals no acts or omissions by appellate counsel, including failure to raise certain issues of ineffective assistance of trial counsel, which would create a reasonable probability that the outcome of the proceedings would have been different. These propositions are denied.

■ In Proposition III Fowler claims the State systematically excluded female jurors through peremptory challenges to his detriment.[16] This claim has not been raised before, but an intervening change in the applicable constitutional law provides sufficient reason for us to review the issue.[17] The State used peremptory challenges to excuse two female jurors, one male juror, and two more female jurors without objection, then waived its remaining challenges. A party raising a claim of error based on gender discrimination in voir dire must make a prima facie showing of intentional discrimination; without this showing there is no need to explain the basis of the challenge.[18] Fowler has not met this requirement; he has established only that the State challenged four women.[19] As Fowler has raised nothing suggesting the State deliberately intended to strike women jurors because of their gender, this proposition must be denied.

■ In Proposition VII Fowler claims the trial court erred in refusing to grant him an evidentiary hearing. Fowler has no constitutional or statutory right to an evidentiary hearing on post-conviction review unless

---

12. *Mann,* 856 P.2d at 994.

13. *Banks,* 810 P.2d at 1290.

14. *Fox,* 880 P.2d at 386.

15. Five of the issues not raised on appeal were found to be waived in Fowler's first post-conviction appeal. *Fowler,* 873 P.2d at 1056.

16. *J.E.B. v. Alabama,* —— U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

17. *Jones,* 704 P.2d at 1140. *J.E.B.* was decided in 1994, after Fowler's direct appeal had been decided and after his first application for post-conviction relief was at issue. *Batson* was decided four days before Fowler's trial.

18. *J.E.B.,* —— U.S. at —— ——, 114 S.Ct. at 1429–30.

19. Of these, one woman's son had been tried and acquitted of a crime three years earlier, one woman had a friend tried for possession of drugs ten years earlier, and one woman's niece had been molested.

his application cannot be disposed of on the pleadings and record, or a material issue of fact exists.[20] Fowler's claim that a material issue of fact exists seems to hinge on his assertion that no evidence at trial proved Fowler (who was charged with and convicted of felony murder) committed any of the three murders. This assertion is belied by a review of the record. Fowler also asserts unpersuasively that he is entitled to a hearing to establish he could overcome the state procedural bars on "certain claims". This proposition and Fowler's request for an evidentiary hearing are denied.

In Proposition VIII Fowler claims that the cumulative effect of the errors contained in his combined propositions warrant relief. Where no error exists, there is no cumulative error. This proposition is denied.

We have carefully considered the entire record before us on appeal, including Fowler's application and the District Court's findings of fact and conclusions of law, and find that Fowler is not entitled to relief. The order of the District Court denying post-conviction relief is **AFFIRMED.**

JOHNSON, P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in results.

20. *Johnson,* 823 P.2d at 373; 22 O.S.1991, §§ 1083, 1084.