**John Michael HOOKER, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–1178.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1997.

---

**1.** We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.

Jeremy B. Lowrey, Terri L. Marroquin, pro hac vice, Appellate Defense Counsel, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, on Post–Conviction Appeal, for Petitioner.

### ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF, MOTION FOR DISCOVERY AND REQUEST FOR EVIDENTIARY HEARING

CHAPEL, Presiding Judge:

A jury convicted John Michael Hooker of two counts of First Degree Murder,[1] before the Honorable Leamon Freeman in Oklahoma County District Court, Case No. CRF–88–1939. The jury recommended Hooker be sentenced to death on both counts. The district court sentenced Hooker accordingly. Hooker appealed to this Court, and we affirmed Hooker's convictions and sentences.[2] The Court denied Hooker's petition for rehearing. The United States Supreme Court denied Hooker's petition for certiorari.[3]

On September 25, 1996, Hooker filed an Application for Post–Conviction Relief, Motion for Discovery and Request for an Evidentiary Hearing with this Court.[4] Under the recent amendments to Oklahoma's Post–Conviction Procedure Act, Hooker is severely circumscribed in the issues that he may raise in this application.[5] The recent amendments to Oklahoma's Post–Conviction Procedure Act "reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent."[6] Hooker may raise only issues that "were not and could not have been raised on direct appeal."[7] Examples of claims that could not have been raised on direct appeal include (1) claims of ineffective assistance of trial or appellate counsel meeting the standards for ineffective assistance of counsel set out in Oklahoma's Post–Conviction Procedure Act;[8] or (2) claims the legal basis of which "was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state,"[9] or "is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state."[10] Even if Hooker

---

1. 21 O.S.1981, § 701.7.

2. 887 P.2d 1351 (Okl.Cr.1994).

3. —— U.S. ——, 116 S.Ct. 164, 133 L.Ed.2d 106 (1995).

4. The Oklahoma Legislature recently revised Oklahoma's capital post-conviction procedure. 22 O.Supp.1995, § 1089 (eff. Nov. 1, 1995). Section 1089 requires Hooker to file his application for post-conviction relief directly with this Court. The State is not required to respond to the application.

5. *See Walker v. State*, 933 P.2d 327 (Okl.Cr.1997).

6. *Id.* 933 P.2d at 331 (footnote omitted).

7. 22 O.S.Supp.1995, § 1089(C).

8. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1) & (2). *See Walker*, 933 P.2d at 331.

9. 22 O.S.Supp.1995, § 1089(D)(9)(a). *See Walker*, 933 P.2d at 331.

10. 22 O.S.Supp.1995, § 1089(D)(9)(b). *See Walker*, 933 P.2d at 331.

meets the criteria set out above,[11] collateral review will only be afforded if, in addition, Hooker shows that the outcome of his trial would have been different but for the alleged errors or that he is factually innocent.[12] Moreover, this Court's decisions make clear that the doctrine of *res judicata* bars the Court from considering issues previously raised in Hooker's direct appeal,[13] and this Court shall not consider issues that Hooker has waived by failing to raise such issues in his direct appeal.[14] We now turn to the issues that Hooker has raised in his application for post-conviction relief.

■ In his first proposition of error, Hooker argues that trial counsel was ineffective because: (1) trial counsel did not adequately prepare for trial; (2) trial counsel did not challenge the prosecution's case adequately; (3) trial counsel failed to present alternative theories to explain the victims' deaths; (4) trial counsel's trial performance rose to a level of ineffective assistance of counsel; and (5) trial counsel failed to object to the search of Hooker's apartment. Hooker also alleges his trial attorneys, who were both employed by the Oklahoma County Public Defender's Office, were burdened by a conflict of interest because other attorneys in the public defender's office represented, at one time, the following persons: (1) Jodell Wiggins, (2) Anthony Mishion, and (3) Michael A. Thomas.[15] This Court may not review claims of ineffective assistance of trial counsel "if the facts generating those claims were available to [Hooker's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." [16] None of the claims listed above rely on facts unavailable to Hooker at the time of his direct appeal. These claims could have been raised in his direct appeal, and our review of these issues is barred.[17] Hooker also contends that appellate counsel was ineffective for failing to raise these issues. In *Walker v. State,* this Court set out the standard of review—which is dictated under the amended Post–Conviction Procedure Act—to use in examining claims of ineffective assistance of appellate counsel in post-conviction proceedings.[18] We find that Hooker has met the first prong of the *Walker* analysis—*i.e.,* that appellate counsel committed the act giving rise to the claim—by showing that appellate counsel did not raise certain issues in Hooker's direct

11. In propositions I and II, Hooker attempts to overcome Oklahoma's statutory procedural bars by claiming that appellate counsel was ineffective. A separate claim of factual innocence is not raised in this post-conviction application.

12. 22 O.S.Supp.1995, § 1089(C)(2). *See Walker,* 933 P.2d at 331 n. 13.

13. *Walker,* 933 P.2d at 331; *Rojem v. State,* 925 P.2d 70 (Okl.Cr.1996); *Moore v. State,* 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied,* — U.S. —, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State,* 896 P.2d 566 (Okl.Cr.1995).

14. *Id.*

15. Hooker also alleges, in a footnote, that the Oklahoma County Public Defender's Office may have previously represented DeJuan Lee Harper. Hooker has presented absolutely no evidence that the Public Defender's Office actually represented Harper, and has further presented no evidence to suggest that either of Hooker's trial attorneys represented Harper.

16. *Walker,* 933 P.2d at 332 (footnote omitted).

17. 22 O.S.Supp.1995, sec. 1089(D)(4)(b)(1). *See Walker,* 933 P.2d at 332.

18. In *Walker,* this Court set out a three-tiered analysis for examining claims of ineffective assistance of appellate counsel under Oklahoma's amended post-conviction statutes. The amended post-convictions statutes dictated that this analysis be employed. Below is the three tier-analysis that this Court now uses in analyzing claims of ineffective assistance of appellate counsel in post-conviction proceedings:

the threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes that his or her appellate counsel actually did the thing supporting the allegation of ineffectiveness, the next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington.* Of course, proving attorney ineffectiveness is no easy task, and the burden is on capital post-conviction petitioners to set forth sufficient facts and law to enable this Court to fully assess appellate counsel's allegedly deficient performance. If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.

933 P.2d at 333 (footnotes omitted).

appeal. However, Hooker has failed to show that appellate counsel's performance was deficient under the second prong of *Walker* because Hooker has not set forth facts to support his allegation that appellate counsel was ineffective in omitting certain issues.[19] Accordingly, Hooker's first proposition of error is denied.

■ In his second proposition of error, Hooker alleges that trial counsel was ineffective in the second stage of trial because counsel stipulated to two of the four aggravating circumstances, which the State had alleged in support of its allegation that the death penalty was an appropriate punishment. Again, the facts on which this claim are based were available to appellate counsel. Indeed, in his direct appeal, Hooker's appellate counsel questioned the appropriateness of the stipulation, although appellate counsel did not allege that trial counsel was ineffective in entering this stipulation. Because this claim could have been raised on direct appeal but was not, it is now waived. In Hooker's direct appeal, we found that the stipulation was proper,[20] and, based on Oklahoma's Post–Conviction Procedure Act and the doctrine of *res judicata*, we will not reconsider that particular issue. Hooker also complains that trial counsel's closing argument constituted ineffective assistance of counsel. Again, the facts on which this claim is based were available to appellate counsel and could have been raised on direct appeal. Hooker then alleges, in a cursory fashion, that appellate counsel was ineffective for failing to raise these issues on direct appeal. Again we employ the analysis set out in *Walker* to examine Hooker's claim of ineffec-

tive assistance of appellate counsel.[21] By stating that appellate counsel failed to raise certain issues, Hooker has met the first prong of the *Walker* analysis. We now look to see if, under the second prong in *Walker*, appellate counsel was indeed ineffective in failing to raise these claims. To support his claim that appellate counsel was ineffective, Hooker alleges that appellate counsel was unable to raise these issues because she worked in the same public defender's office as Hooker's trial counsel. Hooker presents no evidence to show that appellate counsel's performance was in any way affected by the fact that she and trial counsel worked in the same office. After reviewing Hooker's direct appeal, we find there is no evidence to support this allegation. Because Hooker fails to state facts showing appellate counsel was ineffective,[22] we deny relief and we do not address the underlying claim.

■ In his third proposition of error, Hooker contends he has been denied due process because he has not been allowed full discovery during the post-conviction proceedings. We find no due process violation. Hooker admits that during his trial the district attorney provided him with full discovery. He now wishes to conduct that same discovery process again. This Court has never allowed unfettered discovery in post-conviction proceedings,[23] and we have held that a petitioner seeking post-conviction relief has no right to obtain the prosecution's entire file.[24] This Court's current rules set out the appropriate circumstances for granting discovery requests in post-conviction proceedings.[25] Hooker is not entitled to post-

19. *See Id.*

20. 887 P.2d at 1363–64.

21. *See supra* n. 18.

22. *Walker,* 933 P.2d at 333.

23. *Rojem v. State,* 925 P.2d at 74; *Hooks v. State,* 902 P.2d 1120, 1125 (Okl.Cr.1995).

24. *Pickens v. State,* 910 P.2d 1063, 1071 (Okl.Cr. 1996).

25. Rule (9)(D)(3) of this Court's Rules provides: In considering such discovery requests, this Court shall presume the parties complied with

all discovery rules issued by the district court at the time of trial and in accordance with Sections 2001 and 2002 of Title 22. Consequently, requests making allegations to the contrary shall be supported with affidavits, describing as particularly as possible the material sought to be discovered, and why such material was not supplied at the time of trial. Should these affidavits be sufficient to raise a substantial question or compliance with earlier discovery orders, and the material being sought would have resulted in a different outcome at trial, this Court may direct a response from the opposing party showing cause why a discovery order should not be issued.

conviction discovery under our Rules. Since Hooker received full and complete discovery during trial, we find that the refusal to duplicate that discovery process during this post-conviction proceeding does not violate due process. Relief is not warranted under Hooker's third proposition of error, and his motion for discovery is likewise denied.

In his fourth and final proposition of error, Hooker argues that the cumulative effect of the errors in his case dictates that relief be granted. We disagree and decline to grant relief on this basis.

We have carefully reviewed Hooker's application for post-conviction relief and request for an evidentiary hearing, and find that Hooker is not entitled to relief. We further deny Hooker's motion for discovery. Accordingly, Hooker's Application for Post-Conviction Relief, Motion for Discovery and Request for an Evidentiary Hearing are **DENIED.**

STRUBHAR, V.P.J., and LANE and JOHNSON, JJ., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in result:

I concur, based on *stare decisis*, in the discussion dealing with ineffective counsel. *See Walker v. State*, 933 P.2d 327, 341 (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker.* Simply requiring a petitioner show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker* at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test the first part of which is essentially worthless, I must conclude there

is more to this first "prong" than meets the eye. There must be more of a requirement to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See, e.g., McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

---

1. We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.