**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALAN DADE HALL,

      Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

      Respondent-Appellee.

No. 04-6177
(Western District of Oklahoma)
(D.C. No. 03-CV-79-HE)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

This matter is before the court on Alan Dade Hall's *pro se* request for a certificate of appealability ("COA"). Hall seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Hall has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

An Oklahoma state court jury found Hall guilty of the following three offenses: (1) possession of methamphetamine with intent to distribute within 2000 feet of a park or school; (2) possession of marijuana; and (3) maintaining a place for keeping and/or selling methamphetamine. After exhausting his state court remedies, Hall filed the instant § 2254 habeas petition in federal court raising the same nine claims that he had raised on direct appeal to the Oklahoma Court of Criminal Appeals. The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a comprehensive report and recommendation, the magistrate judge recommended that the district court deny Hall's petition. The magistrate judge further informed Hall that a failure to make timely objections to the report and recommendation would waive any right to appellate review of both factual and legal issues contained in the report and recommendation. In response to the magistrate judge's report and recommendation, Hall filed objections to the recommended disposition of only the following three claims: (1) the warrant allowing officers to search his apartment was not supported by probable cause; (2) his right to a fair trial was violated when the state trial court refused to require disclosure of the identity of a confidential informant; and (3) his right to due process was violated by the admission at trial of other-crimes evidence. Upon *de novo* review of Hall's

objections, 28 U.S.C. § 636(b)(1), the district court adopted in full the report and recommendation and denied Hall's § 2254 petition.

In his motion for a COA and appellate brief, Hall seeks to raise each of the nine issues originally presented in his § 2254 habeas petition. This court has, however, adopted a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) ("[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court . . . ."). If a party fails to make a timely objection, he "waives appellate review of both factual and legal questions." *Moore*, 950 F.2d at 659. This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, *id.*, or (2) the interests of justice require review, *Wirsching v. Colorado*, 360 F.3d 1191, 1997 (10th Cir. 2004). Neither of the exceptions to the firm waiver rule apply in this case. Although the magistrate judge specifically informed Hall of the consequences of his failure to object to the resolution of his habeas petition, Hall limited his objections to the magistrate judge's treatment of the three issues set out above. Furthermore, a review of the record reveals no circumstances supporting the application of the interests-of-

justice exception. Thus, Hall has waived appellate review of all issues except for the three raised in his objections to the magistrate judge's report and recommendation.

To be entitled to a COA on the three issues he preserved for appeal in his objections to the report and recommendation, Hall must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Hall has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Hall need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Hall's application for a COA and appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Hall is not entitled to a

COA. The district court's resolution of Hall's § 2254 petition is not reasonably subject to debate and the properly preserved issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, Hall's brief on appeal does not even address the district court's conclusion that Hall is barred from obtaining habeas relief on his Fourth Amendment claim by *Stone v. Powell*, 428 U.S. 465 (1976). In any event, the record demonstrates that Hall had a full and fair opportunity to litigate his Fourth Amendment claim in state court, both at trial and on appeal. Thus, the district court correctly concluded that Hall is not entitled to habeas relief on this claim. *Id.* at 481-82 (holding that no habeas relief is available on a claimed Fourth Amendment violation as long as the defendant had a full and fair opportunity to litigate the claim in state court). The district court also correctly concluded that Hall had not demonstrated an entitlement to habeas relief as to his claims regarding the identity of the confidential informant and the admission at trial of other-crimes evidence. Hall has utterly failed to demonstrate how the testimony of the confidential informant would have been relevant or would have amplified or explained the impeachment evidence already before the jury. Likewise, the Oklahoma Court of Criminal Appeals concluded the other-crimes evidence admitted at trial was admissible as *res gestae* and the district court correctly concluded that the admission of that evidence did not render Hall's trial fundamentally unfair.

For those reasons set out above, this court **DENIES** Hall's request for a COA and **DISMISSES** this appeal. In light of his eventual filing of an opening brief and this court's consideration thereof, Hall's Application to Stay Proceedings is **DENIED** as moot.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
Deputy Clerk