**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY SCOTT THOMPSON,

      Petitioner-Appellant,

v.

MARTY SIRMONS,

      Respondent-Appellee.

No. 09-6004

Western District of Oklahoma

(D.C. No. 5:08-CV-00444-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

      Gregory Scott Thompson, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Thompson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

Mr. Thompson was convicted of First Degree Felony Murder (with the underlying felony attempted robbery) in the District Court of Oklahoma County, Oklahoma. He was sentenced to life in prison without the possibility of parole. He appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) on eight grounds: (1) that he was denied the right to present a defense in violation of his Sixth and Fourteenth Amendment rights; (2) that the trial court erred in limiting his ability to impeach two of the State's witnesses, violating his Sixth and Fourteenth Amendment rights; (3) that the court erroneously admitted custodial statements taken from Mr. Thompson in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (4) that his waiver of counsel was not knowing and voluntary; (5) that the evidence was insufficient to support his conviction of first degree felony murder; (6) that errors during the sentencing phase violated his due process rights; (7) that his trial counsel was ineffective; and (8) that cumulative error denied him a fair and impartial trial. He also raised an issue related to sentencing error.

The OCCA affirmed Mr. Thompson's conviction. However, the OCCA did grant relief on his claim related to sentencing error. His sentence was reduced from life imprisonment without the possibility of parole to life imprisonment.

Mr. Thompson raised the same eight claims in a petition for habeas relief in federal district court. The magistrate judge, in a commendably comprehensive

thirty-eight page report, analyzed and discussed all of Mr. Thompson's claims in full and recommended that his petition be denied. Mr. Thompson objected to the magistrate's report, arguing in particular that the evidence was not sufficient to convict him of felony murder, but also maintaining that the trial court erred in its instructions to the jury. Obj. Mag. Rep. 2–3. He also added that "all the remainder of his propositions [originally raised] . . . are contrary to and involve an[] unreasonable application of clearly established federal law." *Id*. at 4.

The district court adopted the magistrate judge's Report and Recommendation in its entirety. Dist. Ct. Op. 4. The court also separately concluded, after a multipage discussion, that there was "more than sufficient evidence" for the jury to find Mr. Thompson guilty of First Degree Felony Murder. *Id*. at 2–4. The court did not consider Mr. Thompson's charge regarding jury instructions, noting that it had been raised for the first time in his objection to the magistrate's report. *Id*. at 2.

Mr. Thompson now appeals, alleging that the district court failed fully to "address the eight assignment[s] of errors raised" by him. Aplt. Br. 4.

## II. Standard of Review

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order

to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The constant refrain in Mr. Thompson's submission to us is that the district court did not fully examine all of his claims. Thus, in his statement of his case, Mr. Thompson writes that he "raised eight individual claims for relief. However, instead of taking issue with all eight claims, the District Court only addressed four of those claims." Aplt. Br. 2. He asks that we direct the district court to hold an evidentiary hearing "in order that a full record can be developed from all the issues raised by the appellant." *Id.*

The district court reviewed the arguments Mr. Thompson specifically made in response to the magistrate judge's report, but did not respond to Mr. Thompson's blanket reassertion of his original eight claims. As the district court commented, Mr. Thompson made "no arguments specifically directed to any of his claims for relief" other than his claim about sufficiency of evidence. Dist. Ct. Op. 1. And the objection regarding jury instructions, which Mr. Thompson first made in his response to the magistrate judge's report, was properly deemed waived by the district court. *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

When a plaintiff does not make specific objections to the magistrate judge's report, he is considered to have waived those objections. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The district court was not obliged to re-do what the magistrate had done, given that Mr. Thompson had not provided it with any reason to do so.

### III. Conclusion

Accordingly, we **DENY** Mr. Thompson's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge