**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LENNIE D. MATHIS,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 12-6082
(D.C. No. 5:11-CV-00694-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Lennie D. Mathis seeks to appeal from the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We deny his request for a Certificate of

Appealability (COA) and dismiss.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

## BACKGROUND AND PROCEDURAL HISTORY

After a jury trial in Oklahoma state court, Mathis was convicted of first-degree murder, assault with a dangerous weapon, and being a felon in possession of a firearm.

Prior to trial, the prosecution decided to seek the death penalty on the murder charge and filed a bill of particulars to enable it to do so. Following his conviction, however, Mathis reached an agreement with the prosecution under which he would receive a life sentence without the possibility of parole in exchange for an appeal waiver. In accord with this agreement, Mathis was sentenced to consecutive terms of life imprisonment without parole on the murder count, twenty years of imprisonment on the assault charge, and seven years on the felon-in-possession charge.

Mathis later filed a pro se motion in the state district court requesting to withdraw the "plea/sentence agreement." (Appellant's App'x 44.) His motion cited the "stress" and "duress" of the threat of the death penalty in claiming the agreement was coerced and involuntary. (Appellant's App'x 44.) The court held an evidentiary hearing on the motion. One of Mathis's defense counsel testified to having discussed the appeal waiver with Mathis, who seemed to understand what was involved and agreed to the waiver. The court denied the motion.

Nevertheless, the court appointed counsel to aid Mathis in pursuing an appeal. In his appeal briefs, he argued his "guilty plea" was not knowing and voluntary. In an unpublished order, the Oklahoma Court of Criminal Appeals rejected the argument and dismissed the appeal. It concluded the agreement was not a plea agreement; Mathis had pled not guilty and was tried by a jury on the issue of guilt. Rather, the court reasoned,

"[w]hat we have here is simply a negotiated agreement as to sentencing following a jury trial." (Appellant's App'x 46.)

The state district court later denied Mathis's *pro se* application for post-conviction relief, and the Oklahoma Court of Criminal Appeals affirmed.

Mathis then brought this federal habeas petition. Calling his agreement with the prosecution a "guilty plea" to the bill of particulars, he claims the plea was constitutionally invalid because it was not made (1) voluntarily and intelligently and (2) in a manner consistent with state-law procedures for accepting guilty pleas. He also claims he was denied effective assistance of counsel in connection with the proceedings to withdraw his "guilty plea." The district court referred the case to a magistrate judge, *see* 28 U.S.C. § 636(b)(1)(B), who recommended denying the petition. Although the magistrate refused to characterize the sentencing agreement as a plea, he concluded the agreement was constitutionally valid only if Mathis knowingly and voluntarily agreed to it. Following a detailed recitation of the record evidence, the magistrate concluded "[n]othing in the record . . . rebuts the Petitioner's express acknowledgements that he had read the sentencing agreement and appeal waiver, discussed it, understood it, and voluntarily agreed to it." (Appellant's App'x 53.) With respect to the effectiveness of Mathis's counsel, the magistrate concluded Mathis had failed to exhaust the claim in the Oklahoma courts.

Although Mathis objected to the magistrate's report and recommendation, the objection focused entirely on the magistrate's resistance to characterizing the agreement

- 3 -

as a plea agreement. It did not explain why either of the magistrate's conclusions was incorrect. The district court adopted the magistrate's report and recommendations in full.

## DISCUSSION

A certificate of appealability (COA) is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. 28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Although Mathis did not request a COA in either the district court or this court, we construe his notice of appeal and opening brief as a request for a COA. Fed. R. App. P. 22(b)(2).

We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means the applicant must demonstrate that an issue is debatable among reasonable jurists or "deserve[s] encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). In evaluating whether Mathis has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El,* 537 U.S. at 338.

A.    Validity of Agreement

Because, in Mathis's view, his agreement with the prosecutor was a plea agreement, he believes it was valid only if his agreement was voluntary and intelligent. Since, as the Oklahoma Court of Criminal Appeals pointed out, the agreement followed Mathis's not-guilty plea and a jury trial culminating in a verdict of guilt, we are not

- 4 -

confident the plea agreement cases Mathis cites are fully applicable here.[1]  Nevertheless, we are confident the Constitution requires an appeal waiver to be made voluntarily and intelligently.  *See United States v. Ruiz,* 536 U.S. 622, 629 (2002)  ("[T]he Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequence'") (citation and quotation marks omitted); *cf. United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (requiring an appellate waiver in the *federal* criminal system to be made knowingly and voluntarily).

Yet Mathis's waiver *was* voluntary and knowing. Strong evidence in the record shows he knew the circumstances and likely consequences of the agreement and voluntarily entered into it.  The magistrate thoroughly discussed this evidence in his report.  Based on this record, the magistrate concluded the OCCA's finding that the waiver was valid was not an "'unreasonable application of' clearly established Supreme [C]ourt precedent." (Appellant's App'x 53.)  *See* 28 U.S.C. § 2254(d).  Mathis makes no effort, as is his burden, to demonstrate why the magistrate's analysis of the record evidence was incorrect.  *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (noting appellant "bears the burden of demonstrating the alleged error").  On this record there could be no debate among reasonable jurists that the magistrate correctly concluded the sentencing agreement met constitutional standards.  *See Slack*, 529 U.S. at 484.

---

[1] Mathis supports his view by explaining that the trial judge characterized the agreement as a plea of guilty to the bill of particulars.

Moreover, even if Oklahoma failed to follow its own procedures for ensuring appellate waivers are voluntary and intelligent,[2] the magistrate correctly concluded the federal courts cannot remedy these defects on habeas review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

B.      Ineffective Assistance of Counsel

Mathis also argues he was denied the effective assistance of counsel because counsel (1) "fail[ed] to follow statutory law for pleading a defendant guilty"; (Appellant Br. 15) and (2) should have prepared a motion to withdraw his plea. However, because Mathis failed to raise any of these arguments in his objection to the magistrate's report and recommendation, he has waived them. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (adopting waiver rule); *see Hall v. Jordan*, 143 F. App'x 74, 75-76 (10th Cir. 2005) (noting waiver rule forecloses consideration of arguments not presented in the objection to a magistrate's report and recommendation).[3]

No jurist could reasonably debate the correctness of the district court's decision with respect to the issue presented—the voluntariness of his appeal waiver. We DENY

---

[2] Oklahoma's procedures seek to ensure a defendant's guilty plea is "voluntarily and intelligently entered" as required under *King v. State*, 553 P.2d 529 (Okla. Crim. App. 1976).

[3] Unpublished opinions are not binding precedent. 10th Cir. R.App. P. 32.1(A). We cite unpublished opinions as we would an opinion from another circuit, persuasive because of its reasoned analysis.

his request for a COA and DISMISS this matter.


                  **Entered by the Court:**

                  **Terrence L. O'Brien**
                  United States Circuit Judge