**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT ALLEN BLACK,

Petitioner – Appellant,

v.

JAMES EZELL, Warden

Respondent - Appellee.

No. 12-6081
(D.C. No. 5:11-CV-01130-M)
(D. W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Scott Allen Black seeks to appeal from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The issues he wants us to review have been waived. We deny his application for a Certificate of Appealability (COA) and dismiss.

## I.    BACKGROUND AND PROCEDURAL HISTORY

An Oklahoma state court jury convicted Black of first-degree arson. He was later sentenced to 20 years imprisonment and fined $25,000. In a counseled appeal to the Oklahoma Court of Criminal Appeals (OCCA), he argued the evidence was insufficient to sustain his conviction; nothing more. The OCCA rejected the argument and affirmed.

Proceeding pro se, he then sought state post-conviction relief. He argued:

(1) his statements to law enforcement officials were improperly admitted, (2) evidence admitted at his trial was the fruit of an impermissible search and seizure and should not have been admitted, (3) a juror was not qualified to serve on the jury, thereby denying Petitioner a fair trial, (4) [he] was denied his Sixth Amendment right to effective assistance of trial counsel, and (5) [he] was denied his Sixth Amendment right to effective assistance of appellate counsel.

(R. at 405.) The state court concluded he had procedurally defaulted the first four claims and rejected the fifth on the merits.[1] The OCCA affirmed.

Black then brought this 28 U.S.C. § 2254 habeas petition, making two claims: (1) the evidence was insufficient to sustain the conviction, and (2) his trial and appellate counsel were ineffective. The district judge referred the case to a magistrate judge.[2] After the state responded to the petition, the magistrate carefully reviewed the evidence supporting Black's conviction and concluded "[t]here was more than sufficient evidence . . . . to support the arson conviction." (R. 410.) The magistrate also painstakingly reviewed the performance of trial counsel and appellate counsel and concluded their representation was not ineffective.[3]

---

[1] "Oklahoma's procedural bar rules indicate ineffective assistance of counsel claims must normally be brought on direct appeal." *Snow v. Sirmons*, 474 F.3d 693, 726 n.35 (10th Cir. 2007). Hence, his fourth claim, ineffective assistance of trial counsel was procedurally defaulted along with the first three claims which also were procedurally defaulted because they could have been directly appealed but were not. *See Fowler v. State*, 896 P.2d 566, 568-69 (Okl. Cr. 1995).

His fifth claim, ineffective assistance of appellate counsel, was properly raised for the first time in his petition for post-conviction relief. *See Harris v. State*, 167 P.3d 438, 441 (Okla. Crim. App. 2007) ("A claim of ineffective assistance of appellate counsel may be raised for the first time on post-conviction.").

[2] *See* 28 U.S.C. § 636(b)(1)(B).

[3] The magistrate explained that Black may well have procedurally defaulted his

Black objected to the magistrate's report and recommendation (R&R).  Although we have some difficulty understanding his objection, it appears to argue (1) the magistrate incorrectly relied on inadmissible statements to conclude the evidence was sufficient to sustain his conviction, and (2) there was a *Brady* violation entitling him to a new trial. Without explicitly addressing Black's objections, the district judge adopted the magistrate's R&R, denied Black's petition, and denied his application for a certificate of appealability (COA).

## II.     DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means the applicant must present an issue, the proper resolution of which is debatable among reasonable jurists and therefore "deserve[s] encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  Normally we undertake a preliminary,

---

ineffective assistance of trial counsel claim, but chose to dispose it on the merits rather than deal with the collateral issues involved in the procedural default. *See Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").  The state court concluded Black was not denied the effective assistance of appellate counsel, and the Oklahoma Court of Criminal Appeals affirmed. The magistrate concluded the Oklahoma Court of Criminal Appeals' decision was neither contrary to established Supreme Court precedent nor an unreasonable application of it. *See* 28 U.S.C. § 2254(d)(1).

though not definitive, legal analysis of his claims, *see Miller–El*, 537 U.S. at 338, but Black has not preserved his claims for our review.

He raises three issues in his application for a COA. As we understand his application, he contends the district court erred: (1) in failing to address the merits of the constitutional issues the state courts treated as procedurally defaulted on review of his state petition for post-conviction relief; (2) in failing to address the merits of the ineffective assistance of trial counsel claim; and (3) in concluding, without an evidentiary hearing, he had received effective assistance of appellate counsel. Black waived our consideration of these issues because he raised none of them in his objection to the magistrate's R&R. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (adopting a firm waiver rule); *see, e.g., Hall v. Jordan*, 143 F. App'x 74, 75–76 (10th Cir. 2005) (noting firm waiver rule forecloses consideration of arguments not presented in the objection to a magistrate's report and recommendation).[4]

Because we cannot look to the merits of any of his claims we DENY Black's application for a COA and dismiss this matter. We also DENY his motion to proceed without prepayment of costs and fees. He is required to pay all filing and docketing fees

---

[4] Neither of the exceptions to the firm waiver rule apply in this case because Black was advised of the consequences of failing to object and presented other objections to the magistrate. *See Wirsching v. Colorado,* 360 F.3d 1191, 1997 (10th Cir. 2004) (noting we may excuse a failure to object when a pro se litigant is not advised of the consequences of a failure to object or the interests of justice require).

to the Clerk of the District Court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir.

2001).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
