**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN THOMAS MACKLIN,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 19-6153
(D.C. No. 5:19-CV-00375-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

Pro se Petitioner-Appellant Kevin Thomas Macklin,[1] an Oklahoma state prisoner, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court held that the petition was untimely under 28 U.S.C.

---

[*]    This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    Because Mr. Macklin is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

§ 2244(d)(1) and consequently denied him a COA. Because Mr. Macklin has not shown that "jurists of reason would find it datable whether the district court was correct in its procedural ruling," *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **deny** Mr. Macklin's application for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

## I

Following a jury trial, Mr. Macklin was convicted of conspiracy to commit a felony and murder in the first degree for shooting and killing a man during a carjacking. Mr. Macklin did not appeal, but he did seek state post-conviction relief, which was denied. He then filed the § 2254 petition at issue here. In his petition, Mr. Macklin raised two claims: (1) trial counsel was constitutionally deficient for failing to file a notice of appeal, and (2) Oklahoma's post-conviction procedures are constitutionally inadequate.

The respondent filed a motion to dismiss the petition as untimely. In his objection to the motion, Mr. Macklin did not contest that his habeas petition was filed several years after the expiration of the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C.§ 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

2

pursuant to the judgment of a State court."). Instead, he argued that he qualified for the actual-innocence exception to the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the "expiration of [AEDPA's one-year] statute of limitations."). In support of his claim of actual innocence, Mr. Macklin relied on an email supposedly written by Tynesha Parks, his girlfriend at the time of the carjacking, and two notarized affidavits from a co-defendant named Vernon King. In the email, Ms. Parks claimed that Mr. Macklin was with her the entire day of the crime and therefore could not have been the shooter. In his affidavits, Mr. King recanted his prior testimony that Mr. Macklin was the shooter.

On referral, the magistrate judge issued a report and recommendation ("R&R"). In the R&R, the magistrate judge rejected Mr. Macklin's claim of actual innocence and recommended dismissal of the petition as untimely. The magistrate judge refused to consider Ms. Parks's email on the ground that it was not new evidence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with *new* reliable evidence . . . that was not presented at trial." (emphasis added)). As for Mr. King's affidavits, the magistrate judge found that they were insufficient to support a claim of actual

3

innocence. Even "[p]resuming Mr. King" would testify consistently with the affidavits at a new trial, the magistrate judge explained, "the jury would still hear consistent evidence from several other witnesses indicating [Mr. Macklin] was indeed involved in the robbery and that he shot and killed [the victim]." R. at 570 (R&R, filed Aug. 30, 2019). Thus, the magistrate concluded, Mr. Macklin had not met his burden of demonstrating that, more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518, 518–19 (2006) (holding that, in order to pass through the actual-innocence gateway, a petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt."). Consequently, the magistrate judge found that Mr. Macklin did not qualify for the actual-innocence exception and recommended that the district dismiss his petition as untimely.

Mr. Macklin objected to the R&R, arguing that he had indeed established that, in light of the new evidence, "a jury would have rendered a verdict of NOT GUILTY." R. at 577 (Opp'n to R&R, filed Sept. 19, 2019). Thus, Mr. Macklin argued, he qualified for the actual-innocence exception to AEDPA's one-year limitations period and his petition was not time-barred. In spite of Mr. Macklin's objection, the district court adopted the R&R in its entirety and dismissed the petition as untimely. Mr. Macklin appealed to this court.

4

## II

## A

"A COA is a jurisdictional pre-requisite to our review" on the merits of the dismissal of a § 2254 petition. *Clark*, 468 F.3d at 713 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We may only issue a COA if Mr. Macklin makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make this showing, he must establish that 'reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Clark*, 468 F.3d at 713 (alteration in original) (quoting *Slack*, 529 U.S. at 484).

"Insofar as the district court dismissed [Mr. Macklin's] habeas petition on procedural grounds, [Mr. Macklin] must demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack*, 529 U.S. at 484). "Rather than addressing these two threshold requirements in order, we may 'resolve the issue whose answer is more apparent from the record and arguments.'" *Frost v. Pryor*, 749 F.3d 1212, 1230–31 (10th Cir. 2014) (quoting *Slack*, 529 U.S. at 485). "Where a plain procedural bar is present and the district

court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Clark*, 468 F.3d at 713–14 (quoting *Slack*, 529 U.S. at 484). In assessing Mr. Macklin's claims, "[w]e review the district court's factual findings for clear error and its legal conclusions de novo." *Id.* (quoting *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001)).

**B**

Mr. Macklin argues that the district court erred when it held that his petition was untimely. Aplt.'s Combined Opening Br. and Appl. for a COA at 1. In particular, he argues (1) that he presented sufficient evidence of actual innocence to overcome AEDPA's one-year statute of limitations, and (2) that "the lower courts" abused their discretion by rejecting this evidence without holding evidentiary hearings. *Id.* We reject both arguments. We conclude that reasonable jurists could not debate the correctness of the district court's determination that Mr. Macklin's actual-innocence showing was not adequate to surmount AEDPA's limitations bar. Consequently, there can be no debate among reasonable jurists that Mr. Macklin's habeas petition is untimely.

Both of Mr. Macklin's arguments fail on waiver grounds. The first argument is waived for lack of development. Mr. Macklin does not even attempt to explain why the district court was wrong to hold that he did not meet his

6

burden of showing that "more likely than not, . . . no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 538. In particular, he fails to address the district court's observation that "[even] [p]resuming Mr. King" would testify at trial that Mr. Macklin was not the shooter, "the jury would still hear consistent evidence from several other witnesses" indicating that Mr. Macklin *was* the shooter.[2] R. at 570. Thus, Mr. Macklin has waived any argument that the district court was wrong to conclude that he did not qualify for the actual-innocence exception to AEDPA's one-year statute of limitations. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (holding that pro se litigant had waived arguments that consisted of "mere conclusory allegations with no citations to the record or any legal authority for support").

Because Mr. Macklin has waived any argument that he qualifies for the actual-innocence exception, he has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that his petition is time-barred. *Clark*, 468 F.3d at 713 (quoting *Slack*, 529 U.S. at 484). Thus, we may deny Mr. Macklin's request for a COA without

---

[2] This observation was originally made in the magistrate judge's R&R, which was adopted in its entirety by the district court.

7

determining whether he has satisfied his substantive, constitutional showing. *See Frost*, 749 F.3d at 1230-31 (explaining that "[w]hen a district court dismisses a petition on procedural grounds," the court may deny a COA based on a petitioner's failure to satisfy *either* of two requirements: (1) to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," or (2) to show "that *jurists of reason would find it debatable whether the district court was correct in its procedural ruling*" (emphasis added) (quoting *Slack*, 529 U.S. at 484)); *see also Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Furthermore, as for the second argument, insofar as Mr. Macklin contends that he was precluded from making an adequate showing of actual innocence because the district court abused its discretion in denying him an evidentiary hearing, Mr. Macklin waived this argument by not addressing it with sufficient specificity in his objection to the magistrate judge's R&R.[3] "This court has

---

[3] Even if this argument were not waived, we would be hard pressed to conclude that the district court abused its discretion by denying Mr. Macklin an evidentiary hearing, given that he had identified the facts that he believed supported his actual-innocence claim and reasonable jurists could not debate the district court's determination that those facts were inadequate. *See Johnson v.*

(continued...)

8

adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also Black v. Ezell*, 497 F. App'x 780, 782 (10th Cir. 2012) (unpublished) (holding that § 2254 petitioner waived his argument that the district court abused its discretion by failing to hold an evidentiary hearing because he did not raise the issue in his objection to the magistrate's R&R).

Though Mr. Macklin's objection to the magistrate judge's R&R did mention the general need for an evidentiary hearing, his skeletal discussion of this matter—even construed liberally—was not specific enough to alert the district court to an objection based on the *magistrate judge's* failure to conduct such a hearing. Therefore, the firm-waiver rule is applicable. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both

[3](...continued)
*Medina*, 547 F. App'x 880, 885–86 (10th Cir. 2013) (unpublished) ("[G]iven that Mr. Johnson has presented the evidence he believes shows his actual innocence, we cannot say that the district court abused its discretion in denying an evidentiary hearing."); *see also* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. CTS. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). Consequently, reasonable jurists would have no reason to pause in concluding that the correctness of the district court's limitations ruling was not worthy of debate.

timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *Thompson v. Sirmons*, 336 F. App'x 834, 836 (10th Cir. 2009) (unpublished) ("When a plaintiff does not make specific objections to the magistrate judge's report, he is considered to have waived those objections.") Moreover, neither of the exceptions to the firm waiver rule applies here because (1) Mr. Macklin was "informed of the time period for objecting and the consequences of failing to object," and (2) "the 'interests of justice'" do not "require review." *Morales-Fernandez*, 418 F.3d at 1119.

Therefore, because it is waived and we do not consider it further, Mr. Macklin's argument concerning an evidentiary hearing does not give us any basis to question whether reasonable jurists would debate the correctness of the district court's ruling that he failed to make an adequate showing of actual innocence to overcome AEDPA's limitations bar.

### III

Because Mr. Macklin has waived any arguments that the district court erred by concluding that he did not qualify for the actual-innocence exception to AEDPA's one-year statute of limitations, Mr. Macklin has failed to meet his burden of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Consequently, we **DENY** his request for a COA, **DENY** IFP status, and **DISMISS**

10

this matter.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

11