**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LENNIE DARTEZ MATHIS,

    Petitioner - Appellant,

v.

CARRIE BRIDGES,

    Respondent - Appellee.

No. 25-6181
(D.C. No. 5:24-CV-00663-J)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Lennie D. Mathis, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal: (1) the dismissal of his 28 U.S.C. § 2254

petition as a second or successive petition; and (2) the denial of his Fed. R. Civ. P.

60(b) motion. This court lacks jurisdiction over Mathis's untimely appeal of the

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of his second or successive § 2254 habeas petition. Furthermore, Mathis does not need a COA to appeal the denial of his Rule 60(b) motion. Thus, this court **denies** his request for a COA as moot. This court exercises appellate jurisdiction over Mathis's appeal from the denial of his Rule 60(b) motion pursuant to 28 U.S.C. § 1291 and **affirms**.

In 2008, Mathis was convicted by an Oklahoma state court jury of first-degree murder. In exchange for the prosecution agreeing not to seek the death penalty, Mathis agreed to a sentence of life imprisonment without the possibility of parole. In 2011, Mathis filed a § 2254 petition in the district court ("2011 petition"), alleging his plea was not knowing and voluntary and his attorney was constitutionally ineffective during the plea process. The district court dismissed the 2011 petition on the merits; this court denied Mathis's request for a COA and dismissed his appeal. *See Mathis v. Jones*, 490 F. App'x 132, 133-36 (10th Cir. 2012). In 2024, Mathis filed the § 2254 petition underlying this appeal ("2024 petition"). Although he challenged the same first-degree murder conviction, he raised arguments distinct from those set out in his 2011 petition. The district court dismissed Mathis's 2024 petition for lack of jurisdiction, noting that only this court has the authority to permit the filing of a second or successive motion. 28 U.S.C. § 2244(3)(A); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization."). The district court entered judgment by a separate order.

2

More than a year after the entry of judgment, Mathis filed a Rule 60(b) motion seeking relief from the judgment. The district court denied Mathis's motion, concluding he "focuse[d] his arguments on the underlying errors in his trial and sentencing and [gave] little attention to the [district court's] finding that his claims cannot be litigated in a successive § 2254 motion without the Tenth Circuit's prior approval." The district court further concluded that, "what little attention [Mathis did] give the topic [did] not articulate any new argument or otherwise convince the [district court its] judgment must be vacated to accomplish justice."

This court lacks jurisdiction over that part of Mathis's appeal that seeks review of the district court's dismissal of his 2024 petition. Pursuant to Fed. R. App. P 4(a)(1)(A), Mathis was required to file a notice of appeal from the dismissal of his 2024 petition within thirty days of entry of judgment. The filing of a timely notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because Mathis filed his notice of appeal more than a year late, this court lacks jurisdiction to review the district court's jurisdictional dismissal of his 2024 petition.[1]

Mathis does not need a COA to appeal from the denial of his Rule 60(b) motion. No aspect of Mathis's underlying 2024 petition or his Rule 60(b) motion is a

---

[1] A Rule 60(b) motion filed within twenty-eight days of entry of judgment can serve to toll the thirty-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Mathis's Rule 60(b) motion was filed more than a year after entry of judgment and cannot, therefore, toll Rule 4(a)(1)(A)'s thirty-day limit.

true Rule 60(b) motion as described in this court's seminal precedent. *See generally Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006). Instead of identifying any infirmity in the integrity of the resolution of his 2011 petition, they both attack the validity of his underlying state conviction. *See id.* at 1215-16. Thus, the district court's denial of Mathis's request, pursuant to Rule 60(b), to allow him to proceed with a second or successive habeas petition is not subject to 28 U.S.C. § 2253(c)(1)'s COA requirement. *Id.* at 1218 ("[T]he COA requirement applies only when the applicant desires to pursue 'an appeal.' *See* 28 U.S.C. § 2253(c)(1). Filing a second or successive petition, or seeking authorization to file such a petition, is not an appeal. Furthermore, both a COA and an application to file a second or successive petition are gatekeeping functions, and we see no basis for doubling them up such that petitioners must satisfy both tests before we may authorize them to file a second or successive petition."); *see also id.* at 1219 n.8 ("[W]e may, but are not required to, exercise discretion to construe a request for a certificate of appealability as an application to file a second or successive petition, or vice versa as warranted in the interests of justice."). Because, under the unique facts of this case, Mathis does not need a COA to appeal the district court's denial of his Rule 60(b) motion, we deny his request as moot and proceed to the merits.

This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion. *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020). "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

4

The district court acted well inside the bounds of its discretion in denying Mathis's Rule 60(b) motion. As the district court correctly noted, Mathis's motion fails to grapple with the district court's previous conclusion—a conclusion that is undoubtedly correct—that Mathis cannot proceed to file a second or successive § 2254 petition without authorization from this court.[2] Thus, Mathis fails to demonstrate the district court abused its discretion in denying his Rule 60(b) motion.

For those reasons set out above, Mathis's request for a COA is **DENIED** as moot. Mathis's appeal is **DISMISSED** for lack of appellate jurisdiction to the extent it seeks review of the dismissal of his 2024 petition. The district court's order denying Mathis's Rule 60(b) motion is **AFFIRMED**. Because Mathis has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502,

---

[2] In that regard, this court takes judicial notice of our previous denial of permission to file a second or successive § 2254 habeas petition in *In re Mathis*, No. 24-6198. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding this court can take "judicial notice, whether requested or not . . . of its own records and files"). Mathis sought permission to file a second or successive § 2254 petition challenging his Oklahoma murder conviction. Our docket reveals this request was filed shortly after the district court dismissed Mathis's 2024 petition for lack of jurisdiction. Only after this court denied Mathis's request to file a second or successive motion did Mathis file the instant Rule 60(b) motion in district court, asking the district court to overturn its prior conclusion that Mathis's 2024 petition was second or successive. Given all this, it is impossible to conclude Mathis's Rule 60(b) motion was anything other than an attempt to bypass this court's statutory gatekeeping function as to the impropriety of Mathis filing a second or successive habeas petition.

505 (10th Cir. 1991), both of his requests to proceed on appeal in forma pauperis are

**DENIED**.

Entered for the Court

Michael R. Murphy
Circuit Judge